IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JUDITH HALLIE,<br>individually and on behalf of a class, | )<br>)<br>) |
| Plaintiff, | )<br>)      2:12-cv-235 |
| v. | )<br>) |
| WELLS FARGO BANK, N.A. et al. | )<br>) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on the Motion to Suspend Briefing on Defendant's Motion to Dismiss and Pursue Discovery [DE 41] filed on December 14, 2012. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

Background

On June 15, 2012, the plaintiff, Judith Hallie, filed a complaint alleging that the defendants issued mortgages that included a forced-placed insurance clause, which gave the defendants the right to obtain hazard insurance on the mortgaged property in the event the borrower failed to maintain her own hazard insurance policy. The defendants entered into an arrangement with American Security Insurance Company and Assurant Inc. to provide the force-placed policies for its mortgages. Hallie alleged that under the agreement Wells Fargo charged rates that were not arrived at on a competitive basis and were in excess of those that could have been obtained in the open market. Hallie raised several counts in her complaint, including breach of contract, fraud, unjust enrichment, tortious interference with a business relationship, and violations of 12 U.S.C. § 2601 *et seq*. Hallie stated that the court has jurisdiction pursuant to

1

28 U.S.C. § 1332(d), 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1367, and 12 U.S.C. § 2614.

On November 30, 2012, the defendants filed a motion to dismiss and attached the affidavits of Ronald K. Wilson and Rebecca H. Voyles. The defendants argue, among other things, that the Indiana Department of Insurance (DOI) is entrusted with the power to regulate insurance companies and has the sole power to determine the reasonableness of a rate. Because of this exclusive power, the filed rate doctrine deprives the court of subject matter jurisdiction to hear challenges to the reasonableness of an insurance rate. Additionally, the DOI provides an administrative remedy that Hallie failed to exhaust. Because the defendants' motion attached supporting affidavits and evidence, Hallie moves to convert the motion to dismiss to a motion for summary judgment, stay briefing on the motion to dismiss, and allow time for discovery, or alternatively, to strike the affidavits and supporting exhibits from the defendants' motion to dismiss.

Discussion

Generally, the court is limited to considering only the allegations raised in the complaint when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See **United States v. $85,201.00 in U.S. Currency***, 2011 WL 612067, *2 (S.D.Ill. Feb.15, 2011). When a party seeks to introduce additional documents, the court may convert the motion to dismiss into a motion for summary judgment and allow the responding side to produce evidence in support of its contentions, or it may elect to disregard the extraneous evidence. **Rule 12(d)** ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); ***Venture***

2

*Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ( *citing* *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972)); *Employers & Cement Masons # 90 Health & Welfare Fund v. Triple M. Contracting, Inc*., 2007 WL 854004, *2, n. 1 (S.D.Ill. March 16, 2007) (finding that affidavits not referenced in the complaint may not be considered in ruling on a motion to dismiss).

However, there are exceptions to the general rule that extrinsic evidence cannot be considered. Documents that both are referred to in the complaint and are central to the claim may be considered on a motion to dismiss. *Albany Bank & Trust Co. v. Exxon Mobil Corp*., 310 F.3d 969, 971 (7th Cir. 2002); *Venture Associates*, 987 F.2d at 431–32. *See also* *Wright v. Associated Insurance Companies, Inc*., 29 F.3d 1244, 1248 (7th Cir. 1994) (discussing *Venture Associates* and determining that a contract on which the claim is based is central to the claim and may be considered on a motion to dismiss). The court also can consider evidence of public record by taking judicial notice of the documents without converting a motion to dismiss into a motion for summary judgment. *Ennenga v. Starns*, 677 F.3d 766, 773-774 (7th Cir. 2012). Additionally, the court may consider extrinsic evidence when the defendant challenges the factual basis of subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (explaining that a facial challenges requires the court to look at only the face of the complaint to determine whether the plaintiff sufficiently alleged jurisdiction, whereas with a factual challenge, jurisdiction is alleged on the complaint, but the court must consider whether there are facts to support jurisdiction).

The defendants first argue that the affidavits can be considered because the filed rate doctrine deprives this court of subject matter jurisdiction. The filed rate doctrine "forbids a

regulated entity to charge rates for its services other than those properly filed with the appropriate . . . regulatory authority." *Hill v. BellSouth Telecommunications, Inc*., 364 F.3d 1308, 1315 (11th Cir. 2004)(citing *Arkansas Louisiana Gas Co. v. Hall*, 453 U.S. 571, 577, 101 S.Ct. 2925, 2930, 69 L.Ed.2d 856 (1981)). The rate filed with the agency becomes the legal rate and governs the rights and liabilities of the carrier to the customer. *Hill,* 453 U.S. at 577, 101 S.Ct. at 2930. Because of this, challenges to the nature or amount of a rate that has been filed with a regulatory authority are barred by the filed rate doctrine. *Taffet v. Soutehrn Co.*, 967 F.2d 1483, 1488 (11th Cir. 1992).

The Indiana Code imposes a rate reporting requirement on insurance companies. Indiana Code § 27-1-22-1 "empower[s] the [C]ommissioner of insurance to regulate insurance rates to the end that they shall not be excessive, inadequate, or unfairly discriminatory." Insurers are required to file every rate, rate schedule, rating plan, and modification that it proposes to use. **Ind. Code § 27-1-22-4(a).** The Commissioner may investigate and direct the discontinuance of any illegal or unauthorized practice. **Ind. Code § 27-1-3-19.** An insured may request review of an insurer by filing a written complaint and request for a hearing with the Commissioner. **Ind. Code § 27-1-22-12.**

Indiana courts have applied the filed rate doctrine to bar challenges to the reasonableness of rates set by utility companies. *State ex rel. Indianapolis Water Co. v. Boone Circuit Court*, 307 N.E.2d 870, 872 (Ind. 1974). The Indiana Supreme court noted that "[r]ate making is a legislative function in which courts are not concerned". *Indianapolis Water Co. v. Moynahan Properties Co.*, 198 N.E. 312, 313 (Ind. 1935). *See also* **Boone**, 307 N.E.2d at 872. Other courts similarly have determined that the court is without subject matter jurisdiction to hear challenges

4

to the reasonableness of a rate set by a utility company. In *National Teleinformation Network, Inc. v. Michigan Public Service Com*., 687 F.Supp. 330 (W.D. Mich. 1988), a telephone service sought an injunction to compel the Michigan Public Service Commission to provide it with access to the telephone company's multicaller recorded program service so that the telephone service could disseminate its sexually explicit messages. The court determined that it was not permitted to interfere injunctively with any aspect of a state administrative regulatory order. In reaching this conclusion, the court relied on 28 U.S.C. § 1342, which states that district courts "shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a State administrative agency or a rate-making body of a State political subdivision . . ."

The defendants argue that because insurance companies are required to file their rates with the DOI, and they have done so, this court lacks subject matter jurisdiction to hear a challenge to the reasonableness of the rate. Because subject matter jurisdiction is at issue, it is the defendants' position that the affidavits attached to their motion to dismiss may be considered. In reply, Hallie states that she does not contest the consideration of the affidavits but that she is entitled to time to conduct discovery on the limited issue of subject matter jurisdiction. Although the rate-file doctrine may deprive state courts of jurisdiction to hear challenges to the reasonableness of a rate set by a state utility company and 28 U.S.C. § 1342 strips federal district courts of jurisdiction to hear challenges to the reasonableness of a rate that both is chargeable by a public utility and set by a state agency, the court is not convinced that the defendants' challenge is to the court's subject matter jurisdiction rather than to Hallie's failure to state a claim upon which relief can be granted.

5

Article III, Section 2 of the Constitution limits the federal courts' jurisdiction to cases arising under the laws of the United States and between citizens of different states. Federal courts have subject matter jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States, in addition to cases between citizens of different states where the amount in controversy exceeds $75,000. **28 U.S.C. §§ 1331, 1332.** The burden to prove subject matter jurisdiction falls on the party seeking the federal forum. *Chase v. Shop 'N Save Warehouse Foods, Inc*., 110 F.3d 424, 427 (7th Cir. 1997).

The complaint must aver facts that support the existence of federal jurisdiction. *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936); *Preston v. Purtell*, 410 F.2d 234, 236 (7th Cir. 1969). To sustain jurisdiction on the grounds of diversity, there must be complete diversity between the parties at the time the complaint was filed, meaning that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997). The amount in controversy also must exceed $75,000, exclusive of interest and costs. **28 U.S.C. § 1332.** It is the duty of the district court to ascertain whether the amount in controversy meets the jurisdictional amount. *Batts Restaurant, Inc. v. Commercial Ins. Co. of Newark*, 406 F.2d 118, 120 (7th Cir. 1969). The court must conduct this assessment according to the facts available on the day the federal jurisdiction was invoked. *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006).

Review of the complaint reveals that Hallie satisfied the requirements for pleading subject matter jurisdiction. Hallie both alleged violations of federal statutes in her complaint and diversity jurisdiction. The complaint identifies the parties as citizens of different states and

states that the amount in controversy exceeds $75,000.  The affidavits do not show that Hallie failed to satisfy either of these requirements, and neither the affidavits nor the defendants' briefs challenge the basis of citizenship of any party or the amount in controversy.

Hallie has pleaded sufficient facts to show that the court has jurisdiction.  There is no federal statute that deprives the district court of jurisdiction to hear challenges to the reasonableness of a rate chargeable by an insurance company as there is with regard to the rates charged by a public utility company.  Title 28 U.S.C. § 1342 specifically limits the court's jurisdiction only in cases where the reasonableness of a rate chargeable by a public utility is in question.  Insurance rates do not fall within the scope of this statute.  *See **Black's Law Dictionary*** 1686 (9th ed.) (defining public utility as "[a] company that provides necessary services to the public, such as telephone lines and service, electricity, and water.").  The defendants have pointed to no cases where a federal district court was deprived of jurisdiction because a rate, other than for a public utility, had to be filed with a state agency.  Other courts that have applied the rate file doctrine to bar recovery have analyzed whether a plaintiff could recover damages by considering the motion as a Rule 12(b)(6) challenge. *See **In re Pennsylvania Title Ins. Antitrust Litigation***, 648 F.Supp.2d 663, 671 (E.D. Pa. 2009), ***Winn v. Alamo Title Ins. Co.***, 2009 WL 7099484, *3 (W.D. Tex. May 13, 2009). For these reasons, the court finds that the defendants' motion more appropriately is analyzed for failure to state a claim upon which relief can be granted rather than as a challenge to jurisdiction.  Therefore, the court cannot consider the affidavits as support for lack of subject matter jurisdiction or allow Hallie to conduct limited discovery on the issue of subject matter jurisdiction.

The defendants also argue that the Indiana Code provides an administrative remedy.  It is

7

true that failure to exhaust administrative remedies *may* be jurisdictional. *See* ***Blaney v. United States***, 34 F.3d 509, 511-512 (7th Cir. 1994)(finding that district court lacked jurisdiction where employee failed to exhaust administrative remedies before Merit System Protection Board); ***T.I.M.E.-DC, Inc. v. Management-Labor Welfare & Pension Funds, of Local 1730 Intern. Longshoremen's Ass'n***, 756 F.2d 939, 944-945 (2d Cir. 1985)("As a general rule a party must exhaust its administrative remedies before it can invoke the jurisdiction of the courts.")(citing ***Myers v. Bethlehem Steel Shipbuilding Corp***., 303 U.S. 41, 50-51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938)). *But see* ***Gibson v. West***, 201 F.3d 990, 993 (7th Cir. 2000)(holding that failure to exhaust administrative remedies is a precondition to a Title VII claim rather than a jurisdictional requirement). However, the defendants concede that the administrative remedy provided by the code is not the exclusive remedy. The relevant section provides that the insured "may" file a complaint with the DOI. **Ind. Code §27-1-22-12.** Therefore, filing a complaint with the DOI was not a mandatory condition and does not affect the court's subject matter jurisdiction.

Additionally, the defendants briefly argue that the DOI is more specialized to handle Hallie's complaint and that the court should defer to the agency to resolve the dispute. Primary jurisdiction "applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views." ***United States v. Western Pac. R. Co.***, 352 U.S. 59, 63, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956). Although the court may defer to the agency to resolve some or all of the issues, the court is not without jurisdiction. Rather, the court may stay the proceedings pending

resolution by the administrative body.

The defendants characterize their challenge as one to the court's subject matter jurisdiction, but it does not appear that there is any viable argument challenging federal jurisdiction. Although the rate file doctrine may bar damages, this argument is better characterized as a challenge to the merits of Hallie's claim, rather than to the court's exercise of subject matter jurisdiction. For this reason, the affidavits cannot be considered under the exception to the general rule forbidding the consideration of extraneous evidence as proof that the court lacks subject matter jurisdiction.

The defendants also argue that the rate filing attached to Voyle's affidavit can be considered because it is part of a public record. *See **Ennenga v. Starns***, 677 F.3d at 773-774 (7th Cir. 2012) (explaining that the court may take judicial notice of information that is public record without converting a motion to dismiss into a motion for summary judgment). Hallie argues that Voyle's affidavit is not public record, nor is some of the information contained therein. However, Hallie does not dispute that the attached rate filing was in fact made public record. For this reason, the court will consider the rate filing attached to Voyle's affidavit.

The defendants finally argue that both affidavits can be considered in their entirety because the information is central to the claims Hallie made in her complaint. In order for the court to consider such extraneous documents, the defendants must show that the affidavits were both referenced in the complaint and are central to the dispute. *See **Albany Bank & Trust***, 310 F.3d at 971 (explaining that documents that are both attached or referenced in the complaint and central to the dispute may be considered on a motion to dismiss); ***Venture Associates***, 987 F.2d at 431–32 (same). A thorough review of the complaint does not reveal that the affidavits were

9

incorporated, discussed, or in existence at the time Hallie filed her complaint, and thus cannot be considered. See **Triple M**, 2007 WL 854004 at *2, n. 1 (declining to consider affidavits not referenced in the complaint when ruling on a motion to dismiss). When a party seeks to introduce additional documents that were not referred to in the complaint, the court may convert the motion to dismiss into a motion for summary judgment and allow the responding side to produce evidence in support of its contentions, or it may elect to disregard the extraneous evidence. **Rule 12(d)** ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *Venture Associates*, 987 F.2d at 431 (citing ***Carter v. Stanton***, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972)); ***Triple M***., 2007 WL 854004, *2, n. 1 (finding that affidavits not referenced in the complaint may not be considered in ruling on a motion to dismiss). For this reason, the court **STRIKES** Wilson and Voyle's affidavits, except for the attached rate filing schedule attached to Voyle's affidavit, which can be considered as a public document.

Based on the foregoing, the Motion to Suspend Briefing on Defendant's Motion to Dismiss and Pursue Discovery [DE 41] is **GRANTED IN PART** and **DENIED IN PART**. The plaintiff's response to the motion to dismiss is due within fourteen days.

ENTERED this 1st day of May, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge