IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
JUDITH HALLIE,                           )
individually and on behalf of a class,   )
                                         )
        Plaintiff,                       )
                                         )       2:12-cv-235
        v.                               )
                                         )
WELLS FARGO BANK, N.A. et al.            )
                                         )
        Defendants.                      )
```

OPINION AND ORDER

This matter is before the court on the Motion for Partial Reconsideration of the Opinion and Order Dated May 1, 2013 [DE 57] filed by the defendant, American Security Insurance Company, on May 15, 2013. For the following reasons, the motion is **DENIED**.

Background

On June 15, 2012, the plaintiff, Judith Hallie, filed a complaint alleging that the Wells Fargo defendants issued mortgages that included a forced-placed insurance clause, which gave the defendants the right to obtain hazard insurance on the mortgaged property in the event the borrower failed to maintain her own hazard insurance policy. The defendants entered into an arrangement with American Security Insurance Company and Assurant Inc. to provide the forceplaced policies for its mortgages. Hallie has alleged that under the agreement Wells Fargo charged rates that were not arrived at on a competitive basis and were in excess of those that could have been obtained in the open market.

On November 30, 2012, the defendants filed a motion to dismiss and attached the

affidavits of Ronald K. Wilson and Rebecca H. Voyles.  A copy of the lender placed insurance policies that American issued for Hallie's property were attached to Wilson's affidavit.  Hallie moved to convert the motion to dismiss to a motion for summary judgment and to conduct discovery or to strike the affidavits and supporting exhibits from the defendants' motion to dismiss.  The defendants opposed any discovery, arguing that the affidavits and supporting documents could be considered because their challenge was to the court's subject matter jurisdiction.

On May 1, 2013, this court entered an order striking Wilson's and Voyles' affidavits, explaining that the defendants' motion more appropriately should be analyzed as a Rule 12(b)(6) motion to dismiss rather than as a challenge to the court's jurisdiction, and for this reason, the affidavits and their exhibits could not be considered.  The court made one exception for the publically filed insurance rates because, as the court explained, it could take judicial notice of this self-authenticated information.  The defendants now request that the court similarly except the copy of the lender placed insurance policies American issued on Hallie's property.  Hallie opposes this request and challenges the authenticity of the attached policies.

## Discussion

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." **Hope v. United States**, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). *See also* **Talano v. Northwestern Medical Faculty Foundation, Inc.**, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which

was overlooked." ***Ahmed v. Ashcroft***, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see also* ***U.S. v. Ligas***, 549 F.3d 497, 501 (7th Cir. 2008)("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In ***Frietsch v. Refco, Inc.***, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828. *See also* ***Oto v. Metropolitan Life Insurance Company,*** 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); ***Divane v. Krull Electric Company***, 194 F.3d 845, 850 (7th Cir. 1999); ***LB Credit Corporation v. Resolution Trust Corporation***, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." ***Global View Ltd. Venture Capital v. Great Central Basin Exploration***, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

American asks the court to reconsider its May 1, 2013 Opinion and Order striking the lender placed insurance policies attached to Wilson's affidavit, arguing that the court overlooked this argument. However, there are two problems with American's request. First, American did not raise this argument in its response to Hallie's motion to strike, and a motion to reconsider is

3

not a platform to address new arguments. American argued only for the admission of Wilson's affidavit as a whole, and at no point argued that regardless of the admissibility of Wilson's affidavit, the attached documents remained admissible.

Second, although the court agrees that there are situations where documents not attached to the complaint, such as a copy of an insurance policy or contract, may be considered in conjunction with a motion to dismiss, here the plaintiff disputes the authenticity of the policy. *See* Pl.'s Resp. Br. p. 2 ("Neither plaintiff nor this court have any way to determine whether the insurance policies attached to the Wilson declaration are the actual policies that were applicable to plaintiff's property."). "In **Tierney,** the Court of Appeals for the Seventh Circuit found that a document which a defendant attaches to a motion to dismiss is considered part of the pleadings if the document is: (1) "referred to in the complaint"; (2) "concededly authentic"; and (3) "central to the plaintiff's claim." 304 F.3d at 738. The usual example is a contract, in a suit for breach of contract." **Washington v. Neal**, 2012 WL 1410029, *2 (E.D. Wis. 2012) (citing **Tierney v. Vahle**, 304 F.3d 734, 738 (7th Cir. 2002)). *See also* **Hecker v. Deere & Co.**, 556 F.3d 575, 582 (7th Cir. 2009) (upholding district court's decision to consider documents that were concededly authentic without converting motion to dismiss to a motion for summary judgment). Because the policies are not "concededly authentic", it would be unfair to consider them in conjunction with the defendant's motion to dismiss without allowing Hallie time to conduct discovery and converting the motion to dismiss into a motion for summary judgment, an idea that the court already has rejected and American does not advocate. The lender placed insurance policies do not satisfy the requirements to be considered with a motion to dismiss. For these reasons, the court declines to reconsider its May 1, 2013 Opinion and Order.

4

ENTERED this 24th day of July, 2013

/s/ Andrew P. Rodovich

United States Magistrate Judge